IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angela Edwards, | Civil Action No.: 5:15-cv-01197-BHH |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Carolyn W. Colvin, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Angela Edwards ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West, for pretrial handling. On April 15, 2016, the Magistrate Judge issued a Report and Recommendation ("Report" or "R&R") in which she determined that Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 19.) Plaintiff filed Objections on May 2, 2016. (ECF No. 21.) For the reasons stated below, the Court adopts the Report and affirms the Commissioner's decision.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.[1] Plaintiff was 35 years old on her alleged disability onset date. She completed one year of college and has past relevant work experience as an administrative assistant and substitute teacher. On May 12, 2011, Plaintiff filed an application for DIB and SSI benefits alleging a disability since August 1, 2010, due to inflammatory arthritis, anemia, and idiopathic urticaria. (Tr. 16.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on October 8, 2013, finding Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on March 13, 2015.

**REPORT AND RECOMMENDATION**

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 19 at 21.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate

---

[1] Unless otherwise noted, the following background is drawn from the Report.

Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th

3

Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff filed objections to the Report on May 2, 2016. (ECF No. 21.) She objects that the Magistrate Judge erred in finding that the ALJ: (1) properly determined that Plaintiff's impairments did not meet or equal Listing 14.09; and (2) provided adequate reasons for her credibility determination.

Very respectfully, these objections are the precise matters raised to the Magistrate Judge and appropriately rejected in her thorough twenty-one page Report. (*See* ECF No. 19 at 12–20); *see also Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Nevertheless, the Court employs *de novo* review to consider Plaintiff's specific objections in turn.[2]

---

[2] As always, the Court says only what is necessary to address such arguments against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

#### A.     Listing 14.09

Plaintiff first argues that the ALJ erred in determining that Plaintiff's impairments did not meet or equal Listing No. 14.09, which concerns the evaluation of inflammatory arthritis as a severe impairment. (ECF No. 21 at 1.) Specifically, Plaintiff asserts that the ALJ ignored certain evidence in making her determination and that the Magistrate Judge "did not actually address the ALJ's errors in reasoning that [Plaintiff] pointed out." (*Id.* at 3.) Plaintiff also relies on *Fox v. Colvin*, 2015 WL 9204287 (4th Cir. 2015), to support her assertion that the ALJ's analysis here was insufficient.

As an initial matter, the Court finds that the Magistrate Judge did not ignore Plaintiff's arguments on this issue. Rather, she began her discussion by acknowledging Plaintiff's assertions that "record evidence" supports finding her impairments meet or equal Listing 14.09. (ECF No. 19 at 14.) After reviewing the evidence in the record, however, the Magistrate Judge found that "[a]lthough Plaintiff may be able to point to selective evidence in support of finding that she meets Listing 14.09, she has not shown the ALJ's decision is not supported by substantial evidence." (*Id.* at 16.)

The Court agrees with the Magistrate Judge's analysis and conclusions. As noted by the ALJ and the Magistrate Judge, a December 2011 treatment record of rheumatologist Dr. Bruce Goeckeritz ("Dr. Goeckeritz"), "revealed no signs of active synovitis in the small joints of her hands and wrists." (Tr. 18.)  In addition, a June 2012 consultative examination showed Plaintiff had "some swelling and tenderness in her finger joints and slightly limited range of motion in her shoulders, left wrist, and knees" and x-rays revealed "minimal to mild interphalangeal joint arthritis in [Plaintiff's] hands." (*Id.*) However, by October 2012, Plaintiff "indicated improvement in her hands, and her

5

exam revealed minimal swelling in her joints." (*Id.*) Plaintiff reported to Dr. Goeckeritz in May 2013 that "she was doing well using Ibuprofen alone, and she had no inflammation upon examination." (*Id.*)

The foregoing evidence is such that a reasonable mind might accept it as adequate to support the conclusion that Plaintiff does not meet or equal Listing 14.09. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (noting substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'") Accordingly, the Court finds the ALJ's decision on this issue is supported by substantial evidence. While there may be other evidence in the record that indicates more severe limitations stemming from Plaintiff's arthritis, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

Finally, the Court notes that Plaintiff's reliance on *Fox* is misguided. In *Fox v. Colvin,* the Court held that an ALJ's decision "failed to provide sufficient reasoning to allow for meaningful judicial review" when "the ALJ did not apply findings to the disability listing." 2015 WL 9204287, at *1. The Court explained that "the ALJ engaged in the same conclusory analysis that we found to be unacceptable in *Radford*." *Id.* at *4. In *Fox,* the court found that the ALJ's analysis was "perfunctory and offered nothing to reveal *why* he was making his decision." *Id.* Here, as discussed above, the ALJ

6

explained in detail why she found Plaintiff failed to meet Listing 14.09. The ALJ's analysis was not perfunctory or conclusory—*Fox* is therefore inapplicable.

### B.    Credibility Analysis

Plaintiff also argues that the ALJ erred in assessing Plaintiff's credibility. The Court has considered Plaintiff's arguments on this issue *de novo* and finds them to be largely duplicative of arguments already raised and adequately addressed by the recommendation. (*See* ECF Nos. 13 at 28–30; 15 at 7–10; 19 at 17–20.) The Magistrate Judge addressed each of Plaintiff's arguments at length, first summarizing the ALJ's assessment of Plaintiff's credibility, and then discussing how this assessment found support both in the ALJ's decision and the record as a whole. (ECF No. 19 at 17–20.) The Court finds the Magistrate Judge's treatment of these arguments to be thorough and accurate, and is satisfied that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence.

### **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objections to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

June 3, 2016

7

8

Greenville, South Carolina